

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (646) 593-8866
Fax:      (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

**'09 CIV 5482**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ETC INTERNATIONAL SEA TRANSPORTATION
TRD. CO. (EUROTRADE),



                                        Plaintiff,

                    - against -

TERRAFEITA INTER-CONTINENTAL
BUSINESS S.A.,

                                        Defendant.

----------------------------------------------------------X

ECF CASE

09 CV ____ (__)

**VERIFIED COMPLAINT**

        Plaintiff, ETC INTERNATIONAL SEA TRANSPORTATION TRD. CO.

(EUROTRADE), (Plaintiff"), by its attorneys, LAW OFFICES OF RAHUL WANCHOO,

alleges on information and belief as follows:

### JURISDICTION AND VENUE

        1.        This is a case of admiralty and maritime jurisdiction within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction

of the United States and of this Honorable Court. This case also falls under the Court's

admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has

jurisdiction over this matter because the action also arises under the convention on the

Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

## THE PARTIES

2.      At all material times, Plaintiff was and now is foreign a corporation organized and existing under and by virtue of the laws of Turkey.

3.      Upon information and belief, at all material times, Defendant, TERRAFEITA INTER-CONTINENTAL BUSINESS S.A. ("Defendant") was and now is a foreign corporation organized under and existing by virtue of the laws of Portugal.

## FACTS GIVING RISE TO CLAIM

4.      On or about February 20, 2009, a Fixture Note (the "Charter") was made between Plaintiff, as disponent owner and Defendant, as charterer whereby Defendant voyage chartered the M.V. ABRAHAM ("Vessel"), a bulk carrier of about 18,536 deadweight tons capacity for the carriage of 16,000 metric tons of cement in sling bags from Antalya, Turkey to Lobito, Angola. The Charter, which incorporates the terms of the GENCON 94 charter Party, was revised on April 1, 2009.

5.      The Charter provided that the Vessel would load at the rate of 3,000 tons per weather working day and discharge at the rate of 1,700 tons per weather working day of 24 consecutive hours, Saturdays, Sundays and holidays excluded, even if used, and laytime was "non- reversible". The Charter also provided a demurrage rate of $8,000 per day payable on a day to day basis into the Plaintiff's account, and undisputed demurrage, if any, was to be settled within 15 days of completion of the discharge of the cargo. The Defendant also guaranteed that the Vessel will berth upon arrival.  A true and correct copy of the Fixture Note dated April 1, 2009 is annexed hereto as **Exhibit 1**.

6.  Pursuant to the Charter, the Vessel was delivered at Antalya at 1600 hours on March 4, 2009 and tendered the Notice of Readiness (NOR) which was accepted as per the terms of the Charter. The Vessel commenced loading at 1500 hours on March, 7 and completed the loading at 1800 hours on March 14, 2009.  According to Plaintiff's laytime calculations the Vessel was on demurrage at Antalya for 1.1597 days which amounts to $9,277.78 ($8,000 x 1.1597 days).

7.  The Vessel arrived at the discharge port, Lobito at 0700 hours on April 6, 2009 and tendered her NOR on the same day. The Vessel berthed and commenced discharge at 1715 hours on May 15.  The Vessel completed discharge at 1825 hours on May 28, 2009. According to Plaintiff's laytime calculations the Vessel was on demurrage at Lobito for 37.5472 days which amounts to $300,377.78 ($8,000x37.5472 days).  A true and correct copy of Plaintiff's Laytime Calculation is annexed hereto as **Exhibit 2.**

8.  Thus, according to Plaintiff's laytime calculations, the Vessel incurred a total demurrage at the loading and discharge ports of $309,655.56 ($9,277.78 + $300,377.78).  On or about June 8, 2009 Plaintiff invoiced the Defendant for the demurrage incurred under the Charter in the amount $301,914.17.  A true and correct copy of the Demurrage Invoice dated June 8, 2009 is annexed hereto as **Exhibit 3.**

9.  As per the terms of the Charter demurrage was payable on a day to day basis into Plaintiff's account and, undisputed demurrage if any, is to be settled within 15 days of completion of the discharge of cargo after presentation of relevant documents.

10.  Despite repeated demands, Defendant has neglected and/or failed to pay the amount of demurrage in the sum of $301,914.17.

11.     As a result of Defendant's aforesaid breach of its obligations under the Charter the Plaintiff has been damaged in the amount of $301,914.17, as best as can presently be calculated.

12.     Under the terms of the Charter, arbitration shall be in London with English law to apply. In addition to its damages, Plaintiff is also entitled in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated are $150,000.00 (See Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.").

13.     Arbitration of these disputes in London arbitration may take 2 years. Plaintiff is entitled to and would receive interest at the present rate of 7.5% compounded quarterly on the principal claim from June, 2009 to the completion of the arbitration or about $48,373.19.

14.     Plaintiff's total claim against Defendant for which it seeks security herein is $500,287.36 ($301,914.17 + $150,000.00 + $48,373.19).

15.     All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

16.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

17.     Upon information and belief, Defendant's international business is conducted in U.S. Dollar transactions and is cleared through intermediary banks in New York. Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible or intangible property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, American Express Bank, Bank of

America, Bank of New York, Barclay's Bank, BNP Paribas, Citibank, Deutsche Bank Trust Co. Americas, HSBC Bank USA, JP Morgan Chase Bank, Standard Chartered Bank, UBS AG, and Wachovia Bank which is due and owing to the Plaintiff.

18.     Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia,* any property of Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, compelling it to arbitrate the claims asserted by Plaintiff, and to secure the Plaintiff's claim as described above.

**WHEREFORE,** the Plaintiff prays the following:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all the matters alleged in the Verified Complaint.

B.     That since the Defendant cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by the aforesaid garnishees, including, but not limited to, American Express Bank, Bank of America, Bank of New York, Barclay's Bank, BNP Paribas, Citibank, Deutsche Bank Trust Co. Americas, HSBC Bank USA, JP Morgan Chase Bank, Standard Chartered Bank, UBS Bank, and Wachovia Bank, which is due and owing to the Plaintiff, in the amount of $500,287.36 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint.

C.    That this Court recognize and confirm any arbitration award or judgment rendered on Plaintiff's claims herein as a Judgment of this Court.

D.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.    That this Court grant to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
       June 15, 2009

                                  **LAW OFFICES OF RAHUL WANCHOO**
                                  Attorneys for Plaintiff
                                  ETC INTERNATIONAL SEA
                                  TRANSPORTATION TRD. CO. (EUROTRADE)

                              By: _____ *Rahul Wanchoo* _____
                                      Rahul Wanchoo (RW-8725)

## VERIFICATION

STATE OF NEW JERSEY)

                                ss.

COUNTY OF BERGEN    )

      I, Rahul Wanchoo, being duly sworn, deposes and says:

1.  I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

2.  I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

3.  I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys.  The reason that this verification is made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

                                        _____Rahul Wanchoo_____

Sworn to and subscribed to
before me this 15th day of June, 2009.

_____
Notary Public

HICKSON P. KORE
ID # 2377209
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 8/26/2013



Terrafetta International Business S.A.
Rua Dona S. Infantina nº 43 4º
4490-474 Maia / Portugal

(+351) 229 465 770 · (+351) 229 465 747 · comercial@terrafetta.pt

Dear mss Christina Rocha,

good afternoon

please find below recap of main terms agreed for antalya/congo cement
shipment.
your signed and stamped confirmation required


- No transshipment is allowed.
- Sole cargo shipment basis.

-Best eta to load port: 27 FEBRUARY 2009 WP AGW

During currency of this owners guarantee that:

- The vessel is fully suitable/workable for the safe shipment of
contracted cargo in accordance with regulations required at ports of
call specified herein charter party.

- Vessel holds/steel tank tops are cleaned, purified from ex cargoes
and swept will be free of loose rust/loose scale/payedes/smell and to
be clean and dry in accordance with independent surveyor's
satisfaction.

- Vessel shall supply at all ports at all times free of charge
lighting for night work in the holds as on board.

- Owners and vessel will not change vessel's class and/or flag and/or
P&I and/or H&M insurance and/or ownership without charterer's written
consent.

- Vessels to be fully covered by p&i (awaiting policy)

- Owners not permitted to load any part cargo and/or deck cargo
without charterers written consent.

- Owners warrant that vessel is in all respects eligible for  trading
to the ports/places and/or countries specified herein this charter-
party and always that has valid records, certificates and
documents required for such transportation, shipment and ports
of call(s).

- Ow_____ charterer's office ___ and ___ ___, ___
appr___



Terrafeita Inter-Continental Business S.A.
Rua Bento S Jeronimo nº 41 / 57
4300-073 Matosinhos / Portugal

(+351) 229 965 979   fax (+351) 229 967 147   email comercial@terrafeita.pt

TO: ETC INTERNATIONAL SEA TRANSPORTATION TRD. CO.
(EUROTRADE)

FROM: TERRAFEITA INTER-CONTINENTAL BUSINESS S.A.

SUBJECT: MV ABRAHAM

13th of March of 2009

We, Terrafeita Inter-Continental Business S.A., hereby confirm the following:

- Cargo min 16000mtn up to full Owner Option cement in sling bags
(1.20*1.35*0.80 / 1.5 mt) (abt 8000 mt more or less  amount will be calculated
by master satisfaction ,  board for Boma  port  accordance with  draught
restriction at river  ,  about the rest of cargo will be transshipment to other
suitable tonnage at Banana Port because of river draft restriction);

-discharging port: 1 sb Banana Port and 1 sb Boma port;

-litharge to take place  at a safe anchorage at Banana-Port  Boma Port;

-charterers to provide suitable fender to masters satisfaction;



Terrafeita Inter-Continental Business, S.A.
Rua Castro S (illegible) Nº 33 1/54
(illegible) (Alcaz.) Portugal

tel (+351) 229 965 779  fax (+351) 229 967 147  email comercial@terrafeita.pt

TO: ETC INTERNATIONAL SEA TRANSPORTATION TRD. CO.
(EUROTRADE)

FROM: TERRAFEITA INTER-CONTINENTAL BUSINESS S.A.

SUBJECT: VESSEL MV ABRAHAM

1st of April of 2009

We, Terrafeita Inter-Continental Business S.A., hereby inform that, we confirm
all the following conditions that the owner has presented to us:

1) Change discharge port from Pointe Noire (Congo) to Lobito (Angola).

2) Charterers that there are no restrictions for this vessel at Lobito Port.

3) Freight USD 39 PER MT and Free D/A at discharge port.

4) Demurrage payable basis are day by day, into owners account.

5) Free D/A at Discharging port, including any taxes....etc. Vessel is free of all
cost occurred at discharging port. D/A payment swift copy will be sent to the
owner before berthing, otherwise the vessel will not berthed. If there is any
delay regarding to the payment all costs are on charterers account.

6) All other terms of the charter party remain as fixed.

7) Charterers guarantees that the vessel will berth upon arrival (illegible)

Best Regards

Cristóvã Rocha



Terrafeita Inter-Continental Business SA
Rua Barao S Januario nº 33, 54
4470-473 Maia | Portugal

(+351 229 965 779  Fax (+351 229 967 147   commercial@terrafeita.pt

For:

mv abraham - blt 07 - mta flg

openhatch-semibox-doubleskin-bulker
18,536 dwat on 9,40 mtrs ssw
loa 147,35m / beam 22,5m
abt 22,070 cbm grain/bale
4 ho/ha (mc gregor)
(1) 14 x 13 m (2+3 each) 18 x 16  (4) 17.20 x 16m
3 x 40 ts cranes
abt 12.5 knts on abt 21.5 mt lfo (180) ~ ndas
idle 1,5mt mdo and mw 2,5mt mdo
bowthruster/shaftgenerator/el.evnt/co2 fitted

Account :Terrafeita Inter-Continental Business S.A.
Rua Barao S. Januario, Nº33/  54    4470-473 Maia | Portugal
Telephone: +351 229 965 779
Fax: +351 229 967 147

- Cargo min 16000mtn up to full owner Option cement in sling bags
(1.20*1.35*0.80 / 1.5 mtn).

- Port of loading: Antalya (Turkey) 1 sb where chrtrs guarantee 9
mtrs draught.

- Port of discharging: Pointe noire (Congo) 1 sb

- Ows to satisfy themselves about restrictions at dish port

- No cargo to be loaded into deep tanks and/or double bottom and/or
other inaccessible places. Full cgo to be loaded under deck-in holds

- Lay/can 26 feb/ 02 march

- Laytime not to commence prior to 1st day of laycan, time used before
commencement of laytime not to count.

- Loading 1000 consecutive hours of sshex eiu

- Disch 1000 consecutive hours of sshex eiu



Lusitania Inter Continental Diamonds SA
Rua Jardim S. Lourenço nº 16 r/sc
4470-471 Maia | Portugal

(+351) 229 965 779    (+351) 229 967 147    comercial@terrafeita.pt

- Demurrage usd 8000 pdpr / fd be

- Undisputed demurrage, if any is to be settled w/in 15 days after completion of discharging after presentation of relevant documents, time sheets etc. even by fax

- loading port: charterer agent / disc port: owner agent

- At loading port/At discharging port: nor to be tendered within official working hours from Monday 08:00 till Friday 17:00 via cable/vhf/telex/fax/ph w/w/w/w time to commence counting as per 08am/2pm clause.

- At load port laytime is to cease upon completion of loading.

- At discharging port laytime is to cease upon completion of discharging.

- Owners / Vessel / Master / Managers are to give regular and proper notices to charterers / Agents and their indicated parties basis 3/2/1(when applicable) days and 12 hours definite notices.

- All taxes/dues on vessel/flag/ownership/freight/ship/crew (if any) to be for owners' account at both ends.

- All taxes/dues on cargo (if any) to be for charterers' account at both ends

- Any extra insurance premium due to vessel's age/class to be for charterers' account.

- GA, arbitration is to be adjusted in London as per English Law

- Cargo to be discharged against LOI signed by the chrtrs on owns' pandi club format if the original b/l is not available at dish port.

- New Jason Clause, Both to blame, Bunker Deviation, Haugh & Haugh&Visby, General [illegible] Clause [illegible] to be incorporated into charter party.

- [illegible]

- VE[illegible]

Laytime Calculation          29/05/09

# MV ABRAHAM

| 1. | Loading at | ANTALYA |
|----|------------|---------|
| | Cargo / From - To | Bagged cement / Antalya - Lobito |

Calculated                non reversible, working time saved, always on demurrage

| | | |
|---|---|---|
| Demurrage | USD/day | 8,000.00 |
| Despatch | USD/day | 4,000.00 |

| | | |
|---|---|---|
| Cargo quantity | mts | 16,499.668 |
| Loading Rate | mts/d | 3,000 |
| Shex from | Fr 24:00 until Mo 08:00 | |

| | | | |
|----|----------|-------|------------------|
| We | 04/03/09 | 16:20 | Vessel arrived |
| Th | 05/03/09 | 17:15 | Berthed |
| We | 04/03/09 | 16:20 | Notice tendered |
| We | 04/03/09 | 16:20 | Notice acknowledged |
| Sa | 07/03/09 | 15:00 | Loading commenced |
| Sa | 14/03/09 | 18:00 | Loading completed |
| Th | 05/03/09 | 08:00 | Laytime commenced |
| Sa | 14/03/09 | 18:00 | Laytime completed |

| Day | Date | From - To | Remarks | Rate % | Used | Total |
|-----|------|-----------|---------|--------|------|-------|
| Th | 05/03/09 | 08:00 - 24:00 | | 100.00 | 16:00 | 0d 16:00 |
| Fr | 06/03/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 1d 16:00 |
| Sa | 07/03/09 | 00:00 - 24:00 | weekend | 0.00 | | 1d 16:00 |
| Su | 08/03/09 | 00:00 - 24:00 | weekend | 0.00 | | 1d 16:00 |
| Mo | 09/03/09 | 00:00 - 08:00 | weekend | 0.00 | | 1d 16:00 |
| | | 08:00 - 24:00 | | 100.00 | 16:00 | 2d 08:00 |
| Tu | 10/03/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 3d 08:00 |
| We | 11/03/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 4d 08:00 |
| Th | 12/03/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 5d 08:00 |
| Fr | 13/03/09 | 00:00 - 01:10 | | 100.00 | 01:10 | 5d 09:10 |
| | | 01:10 - 06:30 | Rain | 0.00 | | 5d 09:10 |
| | | 06:30 - 08:20 | | 100.00 | 01:50 | 5d 11:00 |
| | | 08:20 - 11:10 | Rain | 0.00 | | 5d 11:00 |
| | | 11:10 - 11:35 | | 100.00 | 00:25 | 5d 11:25 |
| | | 11:35 - 13:35 | Rain | 0.00 | | 5d 11:25 |
| | | 13:35 - 14:10 | on demurrage | 100.00 | 00:35 | 5d 12:00 |
| | | 14:10 - 14:45 | | 100.00 | 00:35 | 5d 12:35 |
| | | 14:45 - 16:15 | Rain | 100.00 | 01:30 | 5d 14:05 |
| | | 16:15 - 17:35 | | 100.00 | 01:20 | 5d 15:25 |
| | | 17:35 - 22:00 | Rain | 100.00 | 04:25 | 5d 19:50 |
| | | 22:00 - 24:00 | | 100.00 | 02:00 | 5d 21:50 |
| Sa | 14/03/09 | 00:00 - 18:00 | complete | 100.00 | 18:00 | 6d 15:50 |

| | | This Port |
|---|---|-----------|
| Time allowed | 5d 12:00 | ( 5.5000 days) |
| Time used | 6d 15:50 | ( 6.6597 days) |
| Time lost | 1d 03:50 | ( 1.1597 days) |
| | | |
| Demurrage | USD 9,277.78 | |

Laytime Calculation        29/05/09

# MV ABRAHAM

| 2. | Discharging at<br>Cargo / From - To | LOBITO<br>Bagged cement / Antalya - Lobito | |
|---|---|---|---|
| | Calculated | non reversible, working time saved, always on demurrage | |
| | Demurrage<br>Despatch | USD/day<br>USD/day | 8,000.00<br>4,000.00 |
| | Cargo quantity<br>Discharging Rate<br>Shex from | mts<br>mts/d<br>Fr 17:00 until Mo 08:00 | 16,499.668<br>1,750 |

| | | | |
|---|---|---|---|
| Mo | 06/04/09 | 07:00 | Vessel arrived |
| Su | 17/05/09 | 17:15 | Berthed |
| Mo | 06/04/09 | 07:00 | Notice tendered |
| Mo | 06/04/09 | 07:00 | Notice acknowledged |
| Mo | 06/04/09 | 13:00 | Laytime commenced |
| Th | 28/05/09 | 18:25 | Laytime completed |

| Day | Date | From - To | Remarks | Rate % | Used | Total |
|---|---|---|---|---|---|---|
| Mo | 06/04/09 | 13:00 - 24:00 | | 100.00 | 11:00 | 0d 11:00 |
| Tu | 07/04/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 1d 11:00 |
| We | 08/04/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 2d 11:00 |
| Th | 09/04/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 3d 11:00 |
| Fr | 10/04/09 | 00:00 - 17:00 | | 100.00 | 17:00 | 4d 04:00 |
| | | 17:00 - 24:00 | weekend | 0.00 | | 4d 04:00 |
| Sa | 11/04/09 | 00:00 - 24:00 | weekend | 0.00 | | 4d 04:00 |
| Su | 12/04/09 | 00:00 - 24:00 | weekend | 0.00 | | 4d 04:00 |
| Mo | 13/04/09 | 00:00 - 08:00 | weekend | 0.00 | | 4d 04:00 |
| | | 08:00 - 24:00 | | 100.00 | 16:00 | 4d 20:00 |
| Tu | 14/04/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 5d 20:00 |
| We | 15/04/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 6d 20:00 |
| Th | 16/04/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 7d 20:00 |
| Fr | 17/04/09 | 00:00 - 17:00 | | 100.00 | 17:00 | 8d 13:00 |
| | | 17:00 - 24:00 | weekend | 0.00 | | 8d 13:00 |
| Sa | 18/04/09 | 00:00 - 24:00 | weekend | 0.00 | | 8d 13:00 |
| Su | 19/04/09 | 00:00 - 24:00 | weekend | 0.00 | | 8d 13:00 |
| Mo | 20/04/09 | 00:00 - 08:00 | weekend | 0.00 | | 8d 13:00 |
| | | 08:00 - 24:00 | | 100.00 | 16:00 | 9d 05:00 |
| Tu | 21/04/09 | 00:00 - 05:17 | on demurrage | 100.00 | 05:17 | 9d 10:17 |
| | | 05:17 - 24:00 | | 100.00 | 18:43 | 10d 05:00 |
| We | 22/04/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 11d 05:00 |
| Th | 23/04/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 12d 05:00 |
| Fr | 24/04/09 | 00:00 - 17:00 | | 100.00 | 17:00 | 12d 22:00 |
| | | 17:00 - 24:00 | weekend | 100.00 | 07:00 | 13d 05:00 |
| Sa | 25/04/09 | 00:00 - 24:00 | weekend | 100.00 | 24:00 | 14d 05:00 |
| Su | 26/04/09 | 00:00 - 24:00 | weekend | 100.00 | 24:00 | 15d 05:00 |
| Mo | 27/04/09 | 00:00 - 08:00 | weekend | 100.00 | 08:00 | 15d 13:00 |
| | | 08:00 - 24:00 | | 100.00 | 16:00 | 16d 05:00 |
| Tu | 28/04/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 17d 05:00 |
| We | 29/04/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 18d 05:00 |
| Th | 30/04/09 | 00:00 - 24:00 | | 100.00 | 24:00 | 19d 05:00 |
| Fr | 01/05/09 | 00:00 - 17:00 | | 100.00 | 17:00 | 19d 22:00 |
| | | 17:00 - 24:00 | weekend | 100.00 | 07:00 | 20d 05:00 |

| Day | Date | Time | Note | % | Hours | Count | Time |
|---|---|---|---|---|---|---|---|
| Sa | 02/05/09 | 00:00 - 24:00 | weekend | 100.00 | 24:00 | 21d | 05:00 |
| Su | 03/05/09 | 00:00 - 24:00 | weekend | 100.00 | 24:00 | 22d | 05:00 |
| Mo | 04/05/09 | 00:00 - 08:00 | weekend | 100.00 | 08:00 | 22d | 13:00 |
|  |  | 08:00 - 24:00 |  | 100.00 | 16:00 | 23d | 05:00 |
| Tu | 05/05/09 | 00:00 - 24:00 |  | 100.00 | 24:00 | 24d | 05:00 |
| We | 06/05/09 | 00:00 - 24:00 |  | 100.00 | 24:00 | 25d | 05:00 |
| Th | 07/05/09 | 00:00 - 24:00 |  | 100.00 | 24:00 | 26d | 05:00 |
| Fr | 08/05/09 | 00:00 - 17:00 |  | 100.00 | 17:00 | 26d | 22:00 |
|  |  | 17:00 - 24:00 | weekend | 100.00 | 07:00 | 27d | 05:00 |
| Sa | 09/05/09 | 00:00 - 24:00 | weekend | 100.00 | 24:00 | 28d | 05:00 |
| Su | 10/05/09 | 00:00 - 24:00 | weekend | 100.00 | 24:00 | 29d | 05:00 |
| Mo | 11/05/09 | 00:00 - 08:00 | weekend | 100.00 | 08:00 | 29d | 13:00 |
|  |  | 08:00 - 24:00 |  | 100.00 | 16:00 | 30d | 05:00 |
| Tu | 12/05/09 | 00:00 - 24:00 |  | 100.00 | 24:00 | 31d | 05:00 |
| We | 13/05/09 | 00:00 - 24:00 |  | 100.00 | 24:00 | 32d | 05:00 |
| Th | 14/05/09 | 00:00 - 24:00 |  | 100.00 | 24:00 | 33d | 05:00 |
| Fr | 15/05/09 | 00:00 - 17:00 |  | 100.00 | 17:00 | 33d | 22:00 |
|  |  | 17:00 - 24:00 | weekend | 100.00 | 07:00 | 34d | 05:00 |
| Sa | 16/05/09 | 00:00 - 24:00 | weekend | 100.00 | 24:00 | 35d | 05:00 |
| Su | 17/05/09 | 00:00 - 24:00 | weekend | 100.00 | 24:00 | 36d | 05:00 |
| Mo | 18/05/09 | 00:00 - 08:00 | weekend | 100.00 | 08:00 | 36d | 13:00 |
|  |  | 08:00 - 24:00 |  | 100.00 | 16:00 | 37d | 05:00 |
| Tu | 19/05/09 | 00:00 - 24:00 |  | 100.00 | 24:00 | 38d | 05:00 |
| We | 20/05/09 | 00:00 - 24:00 |  | 100.00 | 24:00 | 39d | 05:00 |
| Th | 21/05/09 | 00:00 - 24:00 |  | 100.00 | 24:00 | 40d | 05:00 |
| Fr | 22/05/09 | 00:00 - 17:00 |  | 100.00 | 17:00 | 40d | 22:00 |
|  |  | 17:00 - 24:00 | weekend | 100.00 | 07:00 | 41d | 05:00 |
| Sa | 23/05/09 | 00:00 - 24:00 | weekend | 100.00 | 24:00 | 42d | 05:00 |
| Su | 24/05/09 | 00:00 - 24:00 | weekend | 100.00 | 24:00 | 43d | 05:00 |
| Mo | 25/05/09 | 00:00 - 08:00 | weekend | 100.00 | 08:00 | 43d | 13:00 |
|  |  | 08:00 - 24:00 |  | 100.00 | 16:00 | 44d | 05:00 |
| Tu | 26/05/09 | 00:00 - 24:00 |  | 100.00 | 24:00 | 45d | 05:00 |
| We | 27/05/09 | 00:00 - 24:00 |  | 100.00 | 24:00 | 46d | 05:00 |
| Th | 28/05/09 | 00:00 - 18:25 | complete | 100.00 | 18:25 | 46d | 23:25 |

## This Port

| | | |
|---|---|---|
| Time allowed | 9d | 10:17 ( 9.4285 days) |
| Time used | 46d | 23:25 (46.9757 days) |
| Time lost | 37d | 13:07 (37.5472 days) |
| **Demurrage** | **USD** | **300,377.78** |

Laytime Calculation          29/05/09

## MV ABRAHAM

**Total Demurrage due    USD   309,655.56**



# ETC ULUSLARARASI DENIZCILIK TASIMACILIK LTD STI

**ACCNT**

TERRAFEITA INTER-CONTINENTAL BUSINESS S.A.
*Rav Barao S.Januario No:33/54   4470-473*
                              *Maia/PORTUGAL*

| | | | |
|---|---|---|---|
| **Vessel Name :** 'ABRAHAM" | | **Flag :** | MALTA |
| **Load Port :** ANTALYA | | **Date :** | 08.06.2009 |
| **Discharge Port :** LOBITO | | **Voyage no :** | 090608-1 |

## DEMURRAGE INVOICE

| DESCRIPTION | UNIT PRICE | TOTAL ($) |
|---|---|---|
| DEMURRAGE PAYMENT | | USD 301.914,17 |
| | **Net To ETC** | **USD 301.914,17** |

Please remit the freight to the following bank account:

BANK:YAPI ve KREDI BANK
BRANCH: MERSIN BRANCH
BRANCH CODE: 928
CUTOMER (CIF) NR: 3368613
ACCOUNT NR: 80157458
IBAN NR: TR510006701000000080157458
ACCOUNT NAME: ETC ULS. DEN. TAŞ. LTD. ŞTİ
SWIFT CODE: YAPITRIS 928